```
IN THE UNITED STATES DISTRICT COURT
  FOR THE DISTRICT OF SOUTH CAROLINA
           FLORENCE DIVISION
```

| | |
|---|---|
| Katherine Wilson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:17-cv-637-BHH |
| v. ) | |
| ) | |
| Nancy A. Berryhill, Acting ) | **ORDER** |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This is an action brought pursuant to 42 U.S.C. §§ 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Katherine Wilson's ("Plaintiff") claims for disability insurance benefits ("DIB"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Thomas Rogers, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In his Report, filed on March 19, 2018, the Magistrate Judge recommends that the Court reverse the Commissioner's decision and remand the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Defendant filed objections to the Magistrate Judge's Report, and Plaintiff filed a response to those objections. After consideration, the Court overrules Defendant's objections and adopts the Magistrate Judge's Report.

**BACKGROUND**

Plaintiff filed her application for DIB on February 28, 2014, alleging disability

beginning on March 3, 2013. Her claims were denied initially and upon reconsideration. Plaintiff thereafter requested a hearing, which was held before an administrative law judge ("ALJ") on September 2, 2016. At the hearing, a vocational expert ("VE") testified. The ALJ issued an unfavorable decision on October 7, 2016, finding that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied on January 20, 2017, making the ALJ's decision the Commissioner's final decision. Plaintiff filed this action on March 8, 2017.

Plaintiff was born on September 4, 1969, and was 43 years old at the time of the alleged onset date. Plaintiff completed her education through at least high school and has past relevant work experience as an insurance auditor, real estate agent, and recruiter. Plaintiff initially alleged disability due to depression, headaches, tinnitus, anxiety, panic attacks, and hypertension.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Court conducts a de novo review to those portions of the Magistrate Judge's Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.*

### II. Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established

by the Social Security Act. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebreeze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## **DISCUSSION**

**I.     The Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination

3

involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful since March 3, 2013, the onset date of disability. At step two, the ALJ found that Plaintiff has the following severe impairments: an affective disorder, an anxiety disorder, and degenerative disc disease. Next, at step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). At step four, the ALJ determined that Plaintiff has

4

the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) with the following limitations: Plaintiff is limited to simple, routine tasks; Plaintiff is limited to positions that require no more than simple, work-related decisions; Plaintiff can maintain concentration for up to two hours at a time while performing simple, routine tasks; Plaintiff must have direct but non-confrontational supervision; Plaintiff is limited to no more than occasional, very simple, interaction with the general public; Plaintiff can adapt to predictable changes in work environment but can tolerate only occasional, or routine, changes in tasks; and Plaintiff is limited to no more than frequent overhead reaching. Next, the ALJ found that Plaintiff is unable to perform his past relevant work but that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Therefore, the ALJ found that Plaintiff was not under a disability as defined in the Social Security Act.

## II.    The Magistrate Judge's Report and Defendant's Objections

In his Report, the Magistrate Judge examined Plaintiff's claim that the ALJ erred by failing to address an apparent conflict with the VE's testimony and the Dictionary of Occupational Titles ("DOT"). As previously mentioned, the ALJ limited Plaintiff to performing "simple, routine tasks," and "positions that require no more than simple, work related decisions." The ALJ also determined that Plaintiff can maintain concentration for up to two hours at a time while performing "simple, routine tasks." The ALJ noted that the VE pointed to the jobs of clerical manager, price marker, office helper, and mailroom clerk.[1] The first three of these jobs all require a reasoning level of two, or the ability to "[a]pply

---

[1] The VE actually pointed to the job of clerical *messenger*, not manager, but this appears to have been a typographical error.

commonsense understanding to carry out details but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." The job of mailroom clerk requires a reasoning level of three, or the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form," and "[d]eal with problems involving several concrete variables in or from standardized deviations."

Although the VE indicated that his testimony did not conflict with the DOT, the Magistrate Judge ultimately agreed with Plaintiff that, pursuant to the Fourth Circuit's decision in *Henderson v. Colvin*, 643 F. App'x 273 (4th Cir. April 5, 2016), and other cases from this District, there is an apparent conflict between jobs that require a reasoning level of two and an RFC limitation to "simple, routine tasks" and "simple, work related decisions." The Magistrate Judge also agreed with Plaintiff that the ALJ had the burden of identifying this conflict between the VE's testimony and the DOT and then eliciting an explanation for the conflict, which the ALJ failed to do. Accordingly, the Magistrate Judge recommended that the Court remand the action for the ALJ to obtain additional testimony from the VE in compliance with Social Security Ruling 00-4p with regard to the apparent conflict between the reasoning level required for the jobs identified by the VE and the RFC limitations imposed by the ALJ.

In her objections to the Report, Defendant contends that the Magistrate Judge misapplied the Fourth Circuit's decision in *Henderson*. According to Defendant, *Henderson* involved an apparent conflict between jobs that require a reasoning level of two and an RFC limitation to *one-to-two step tasks*, and not the less restrictive RFC limitation to simple, routine work. In support, Defendant notes that the court in *Henderson* relied on

*Rounds v. Comm'r of Soc. Sec.*, 807 F.3d 996, 1004 (9th Cir. 2015), a case where the Ninth Circuit explained that the ALJ "did not merely restrict Rounds to 'simple' or 'repetitive' tasks," but instead "expressly limited her to "one to two step tasks." In *Rounds*, the Ninth Circuit ultimately determined that remand was in order because the ALJ did not recognize the apparent conflict between Rounds' RFC and the demands of level two reasoning. 807 F.3d at 1004. The court in *Rounds* also cited other appellate authority holding that an "RFC limitation to 'simple' or 'repetitive' tasks is consistent with Level Two reasoning." *See id.* At 1004, n. 6 (citing *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010); *Abrew v. Astrue*, 303 F. App'x 567, 569 (9th Cir. 2008); *Lara v. Astrue*, 305 F. App'x 324, 326 (9th Cir. 2008); *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005); and *Money v. Barnhart*, 91 F. App'x 210, 215 (3d Cir. 2004)). Accordingly, Defendant asserts that the Magistrate Judge overreached when determining that an apparent conflict exists between jobs requiring level two reasoning an RFC limitation to simple, routine tasks.

In her response to Defendant's objections, Plaintiff correctly points out that although there is a split in authority on the issue, the majority of courts in this District have applied *Henderson* to hold that there is an apparent conflict between jobs that require level two reasoning and RFC limitations like Plaintiff's. As Judge Duffy recently explained in *Iliescu v. Berryhill*:

> In *Christopherson v. Colvin*, this Court held that "simple, routine, and repetitive tasks" were in conflict with the level two and level three jobs cited by the VE and relied on by the ALJ. No. 6:15-cv-4725-JMC-KFM, 2016 WL 7223283, at *8 (D.S.C. Nov. 18, 2016), adopted by 2016 WL 7212785 (D.S.C. Dec. 13, 2016). The court remanded for resolution of the apparent conflict. *Id.* at *9. Similarly, in *Piner v. Berryhill*, this Court explained that an RFC limitation to "simple, routine tasks"—an RFC nearly identical to Plaintiff's limitation of "simple, routine work"—is "more consistent with GED

7

reasoning level one than two or three because the abilities to perform simple tasks and to make simple work-related decisions . . . are similar to the provision for applying commonsense understanding to carry out simple instructions at GED reasoning level one." No. 1:17-cv-317-TMC-SVH, 2017 WL 4712084, at *14 (D.S.C. Sept. 28, 2017), adopted by 2017 WL 4682004 (D.S.C. Oct. 18, 2017). Again, the court remanded so that the ALJ could address the apparent conflict. *Id.* at *15; *see also Pressley v. Berryhill*, No. 8:16-cv-2716-BHH-JDA, 2017 WL 4174780, at *10-11 (D.S.C. Aug. 24, 2017), adopted by 2017 WL 4156460 (D.S.C. Sept. 19, 2017) (remanding to resolve apparent conflict between "simple, routine, and repetitive tasks" and VE testimony regarding level two and three jobs); *Watts v. Berryhill*, No. 1:17-cv-127-RMG-SVH, 2017 WL 4325685, at *12 (D.S.C. Sept. 12, 2017), adopted by 2017 WL 4296722 (D.S.C. Sept. 26, 2017) (remanding to resolve conflict between "simple routine tasks in a low-stress environment" and level two and three jobs); *Watson v. Colvin*, No. 0:15-cv-4935-RBH-PJG, 2017 WL 694645, at *5 (D.S.C. Feb. 22, 2017) (remanding to resolve conflict with "simple, routine, repetitive tasks, which must be performed in a low stress, predictable work environment" and level two and three jobs).

2018 WL 2173793, * (D.S.C. May 11, 2018). And while Defendant is correct that other courts, including other district courts in the Fourth Circuit, have reached different conclusions on this issue,[2] the Court finds that the Magistrate Judge's recommendation is consistent with this District's application of *Henderson,* and that remand is therefore in order so the ALJ can resolve the apparent conflict between Plaintiff's RFC and the VE's explanation of jobs available to her.

## **CONCLUSION**

Based on the foregoing, the Court overrules Defendant's objections (ECF No. 24) and adopts and incorporates the Magistrate Judge's Report (ECF No. 22). The Commissioner's decision denying benefits is reversed and remanded pursuant to sentence

---

[2] *See, e.g.*, *Roundtree v. Berryhill*, 2017 WL 398368, at *3 (E.D.N.C. Jan. 30, 2017), and *Street v. Berryhill*, No. 1:17-cv-204-FDW, 2018 WL 1935866, at *6 (W.D.N.C. April 24, 2018).

four of 42 U.S.C. § 405(g) for further proceedings as set forth in the Magistrate Judge's Report.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

August 21, 2018
Charleston, South Carolina